IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ASC UTAH, INC., TALISKER CANYONS FINANCE CO LLC,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>WOLF MOUNTAIN RESORTS, L.C.,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No.  2:09CV303DAK |

　　　　　This matter is before the court on Defendant Wolf Mountain Resorts, L.C.'s Motion to Dismiss or Stay Litigation.  The court held a hearing on the motion on August 10, 2009.  At the hearing, Plaintiff ASC Utah, Inc. ("ASCU") was represented by John R. Lund and Kara L. Pettit, Plaintiff Talisker Canyons Finance Co. LLC was represented by John P. Ashton and Clark K. Taylor, and Defendant Wolf Mountain Resorts was represented by Rod N. Andreason and David M. Wahlquist.  The court has carefully considered the pleadings, memoranda, and other materials submitted by the parties, as well as the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

　　　　　In the early 1990s, Wolf Mountain owned and operated the skiing operation of the ski resort now known as The Canyons.  In 1997, Wolf Mountain entered into a series of agreements with ASCU and its then-parent company American Skiing Company ("ASC").  These agreements are referred to as the Ground Lease.  In 1999, a group of related companies,

known collectively as the "Oak Hill" entities, effectively gained control of ASC. In July 2007, ASC announced that it intended to sell all of the stock of ASCU to an entity owned and controlled by a group of Canadian-owned entities known as "Talisker." Because Wolf Mountain would not consent to the sale of ASCU to Talisker, ASC and ASCU sued Wolf Mountain in Utah state court in the Fall of 2007.

In February 2008, Plaintiffs in this action, ASCU and Talisker, entered into a Settlement Agreement with Wolf Mountain that resulted in the dismissal of the then-pending litigation in Utah state court. In the Settlement Agreement, Wolf Mountain gave its written consent to ASC's sale of ASCU stock to Talisker.

Wolf Mountain alleges that since the Settlement Agreement was executed, ASC has amended the ASCU Purchase Agreement on multiple occasions without notifying Wolf Mountain. Wolf Mountain claims that it has requested from both ASC and ASCU information that would enable Wolf Mountain to evaluate whether ASC and ASCU were complying with the conditions of the Settlement Agreement or ASCU Purchase Agreement, but that both entities have refused to provide it with the requested information.

On December 23, 2008, Wolf Mountain sued ASC, ASCU, and the Oak Hill Entities in Texas state court, alleging breaches of the Settlement Agreement and several other claims. The action is styled Wolf Mountain Resorts, L.C. v. Oak Hill Capital Partners, LP, et al, Civ. No. 236 234513 08, District Court of Tarrant County, Texas, 236th Judicial District (the "Texas case"). Wolf Mountain did not name Talisker as a defendant in the Texas case.

On February 24, 2009, Wolf Mountain served ASCU with the Complaint in the Texas case. ASCU entered a special appearance in the case and filed a motion to dismiss based

on a claimed lack of personal jurisdiction in the State of Texas.

After Wolf Mountain filed the Texas action, ASCU and Talisker filed a motion to enforce the Settlement Agreement in the Utah state court. The state court judge denied the motion and advised the parties that he did not believe that a motion to enforce the Settlement Agreement was the proper procedural mechanism for a declaration of the parties obligations under the Agreement. The judge suggested that ASCU and Talisker file a declaratory judgment complaint. Then, on April 7, 2009, ASCU and Talisker then filed the instant complaint against Wolf Mountain in this court. This action seeks declaratory judgment on the parties' rights and obligations under the Settlement Agreement.

Specifically, the present action seeks declaratory judgment that: (a) Wolf Mountain irrevocably consented to the sale of ASCU's stock to Talisker; (b) Wolf Mountain is estopped from asserting that Talisker fails to meet the qualifications for an assignee under the Ground Lease; (c) Talisker's purchase complied with the terms of the Consent and Settlement Agreement; and (d) Wolf Mountain is estopped and/or barred from claiming in any lawsuit that the Talisker purchase breaches the Consent and Settlement Agreement or Ground Lease, or seeking damages related thereto.

## DISCUSSION

### Motion to Dismiss or Stay

Wolf Mountain seeks an order dismissing or staying this case pending the conclusion of the Texas case based on the discretion this court has in exercising jurisdiction over declaratory judgment actions. The Supreme Court, in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), held that district courts have "unique and substantial discretion" in determining whether

to declare the rights of litigants when duplicative state proceedings exist. *Id.* at 286-87. Congress granted the courts this discretion in the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a). "[D]istrict courts possess [such] discretion . . .even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282. As such, the Declaratory Judgment Act has been characterized as "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Id.*, at 286 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)); *see also Bell Helicopter Textron, Inc. v. Heliqwest Int'l Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004) (dismissing federal declaratory judgment action in favor of parallel state court action); *St. Paul Fire & Marine Ins. Co. v. Runyon*, (10th Cir. 1995).

A federal court's obligation to exercise jurisdiction "does not evaporate simply because there is a pending state court action involving the same subject matter." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops. Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). "The question for a district court presented with a suit under the Declaratory Judgment Act . . . is 'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'" *Brillhart,* 316 U.S. at 495.

"In *Brillhart*, the Supreme Court listed several factors to guide a district court's decision whether to exercise jurisdiction over a declaratory judgment action." *United States v. Las Cruces*, 289 F.3d 1170, 1186-87 (10th Cir. 2002). The factors to evaluate include "the scope of the state proceeding, whether the claims of all parties can be adjudicated in that proceeding, whether necessary parties have been joined, whether they are amenable to process, and any other factor bearing on the central question of which forum can better resolve the controversy." *Id.* at

1187 (citing *Brillhart*, 316 U.S. at 495).

In addition, the Tenth Circuit has also "adopted a list of five factors a district court should evaluate" in deciding whether to assert jurisdiction over a declaratory judgment action. *Las Cruces*, 289 F.3d at 1187 (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). The *Mhoon* factors are:

> [1] Whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.*

Under the first and second *Brillhart* factors, a court must consider the scope of the state proceeding and whether the claims of all parties can be adjudicated in that proceeding. These factors fulfill "the need for comprehensive disposition of litigation, and the desirability of avoiding piecemeal litigation." *State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979). A declaratory judgment action should be halted if "[a] final judgment in state court will necessarily resolve all issues before this court and the other issues arising out of the same transactions thus allowing comprehensive disposition of litigation." *Id.*

Wolf Mountain contends that the issues asserted by Plaintiffs in this case are entirely encompassed in the Texas case. However, the two actions do not include the same parties. The Tenth Circuit has noted that the "exact identity of parties and issues is not required."

*Las Cruces*, 289 F.3d at 1182.  Instead, "state and federal proceedings are sufficiently parallel if 'substantially the same parties litigate substantially the same issues.'" *Id.*

Wolf Mountain did not name Talisker as a defendant in the Texas case even though it is a signatory to the Settlement Agreement and Wolf Mountain alleges that Talisker engaged in actions that breached the agreement.  Talisker provided evidence that it is not subject to personal jurisdiction in Texas, and the court has no grounds to discount that information.  In addition, the only other signatory to the Settlement Agreement is ASCU, and it has filed a motion to dismiss for lack of personal jurisdiction in the Texas case.  While Wolf Mountain contends that the Texas case encompasses the breach of the Settlement Agreement claims that form the basis for the declaratory judgment claims in this action, the only two parties capable of breaching the Settlement Agreement claim that there is no jurisdiction over them in Texas.  The Texas court has not yet ruled on ASCU's motion.

Wolf Mountain argues that under Tenth Circuit law, Talisker must intervene in the Texas action.  In *Las Cruces*, the court stated: "Without a showing that intervention is impossible or the state forum is clearly hostile to the parties to the federal suit, this court cannot say that the district court abused its discretion" in dismissing the federal court action.  289 F.3d at 1189.  But *Las Cruces* was a complicated water rights adjudication in which all the parties were already involved in the state court case to some extent.  The party not formally a party to the state court action, the El Paso Water District, was already an amicus party and had a pending motion to intervene in the state court action.  *Id.* at 1188-89.

The court does not read *Las Cruces* as requiring a party to waive personal jurisdiction requirements.  Moreover, if the Texas court grants ASCU's motion to dismiss for

6

lack of personal jurisdiction, requiring it to then intervene in the action would be antithetical to the Texas court's ruling.  Moreover, the language in *Las Cruces,* which addresses intervention outside the context of personal jurisdiction concerns, cannot be construed so broadly that it contradicts due process standards.  In fact, one of the *Brillhart* factors is whether the parties are amenable to process.  This factor, therefore, recognizes the parties' due process rights are relevant.

Without Talisker and ASCU as parties to the action, the Texas court could not settle the controversy relating to the Settlement Agreement.  The three parties to the Settlement Agreement are all before this court, and it is undisputed that this court has jurisdiction over all three. While this action would settle the controversy relating to the Settlement Agreement, the Texas court action would not because Talisker is a necessary party that has not been joined in the Texas case and is not subject to that court's jurisdiction.  Similarly, ASCU may not be subject to the jurisdiction of the Texas court.  ASC and the Oak Hill entities, who are defendants in the Texas case and are subject to jurisdiction in Texas, are not parties to the Settlement Agreement.  Thus, they are not necessary parties to a dispute related to a breach of the Settlement Agreement.

Although this declaratory judgment action will not end all the disputes between all the parties, it will settle the controversy relating to the Settlement Agreement.  Given the number of pending actions between these parties in various forums, the concern over piecemeal litigation is necessarily slight.  There are other actions pending in Utah state and federal court in addition to the Texas case.  If this action can be characterized as piecemeal litigation so too can the Texas case.

Furthermore, the court does not view the actions of ASCU and Talisker as

procedural fencing. This case is factually distinct from the procedural fencing that was present in the court's previous case in *Urie v. Wolverine Drilling, Inc.*, Civ. No. 2:04cv1084DAK, 2006 WL 2229000 (D. Utah Aug. 3, 2006). ASCU and Talisker filed this declaratory judgment action in a forum in which all parties to the Settlement Agreement are subject to personal jurisdiction. After attempting to reopen the Utah state court in which the Settlement Agreement was entered and being told that a declaratory judgment action was the more proper mechanism to resolve the Settlement Agreement dispute, Plaintiffs filed this action. Given the jurisdictional problems in Texas, the court does not conclude that Plaintiffs are engaging in procedural gamesmanship or that there would be undue friction between the actions.

After analyzing the *Brillhart* and *Mhoon* factors, the court concludes that the controversy related to the Settlement Agreement is better settled in this case than the Texas case. Because this court has jurisdiction over all three parties to the Settlement Agreement, it can expeditiously resolve the Settlement Agreement claims. Such a result cannot happen in Texas. The court, therefore, concludes that it should exercise jurisdiction over Plaintiffs' Declaratory Judgment action.

## CONCLUSION

For the reasons stated above, Defendant Wolf Mountain's Motion to Dismiss or Stay is DENIED.

DATED this 27th day of August, 2009.

_____
DALE A. KIMBALL
United States District Judge